UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00690-RJC-DSC

| | |
|---|---|
| POINTSTREAK, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| COLORADO AMATEUR HOCKEY ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff Pointstreak, Inc.'s Motion to Strike, (Doc. No. 10), seeking to strike Defendant Colorado Amateur Hockey Association's "Pro Se" Response to Plaintiff's Motion for Entry of Default and Default Judgment, (Doc. No 9).

Plaintiff filed its complaint in this matter on September 27, 2016 seeking confirmation of an arbitration award. (Doc. No. 1). Excluding a consent motion for extension of time to answer filed by Plaintiff, (Doc. No. 4), the Court has not heard from nor received any filings from Defendant. Thus, upon Plaintiff's Motion for Entry of Default and for Default Judgment filed on December 5, 2016, the Court entered default as to Defendant. (Doc. Nos. 7, 8). Then, on April 3, 2017, before a Default Judgment was ordered, the Court received an apparent pro se filing on behalf of defendant opposing the entry of default and any potential default judgment. (Doc. No. 9). Plaintiff opposes that filing on the basis that corporate entities cannot appear before a court pro se, but rather must have proper counsel enter an appearance on the corporation's behalf. See (Doc. No. 10).

For good cause shown, and for the reasons stated in Plaintiff's supporting memorandum,

Plaintiff's Motion to Strike will be granted.[1]  The Court also notes that Defendant, through out-of-state counsel, attempted to file a response in opposition to Plaintiff's Motion to Strike and Motion for Default Judgment, but the Clerk's Office did not docket the document due to questions regarding out-of-state counsel's ability to file in this Court on behalf of Defendant absent properly entering an appearance.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Strike, (Doc. No. 10), is **GRANTED** and Defendant's Pro Se Response in Opposition to Plaintiff's Motion for Entry of Default and Default Judgment, (Doc. No. 9), is stricken from the record.  **IT IS FURTHER ORDERED** that Defendant shall have **ten (10) days** to respond to Plaintiff's Motion for Default Judgment and the Clerk's Entry of Default, (Doc. Nos. 7, 8), through counsel admitted to practice in the Western District of North Carolina.  See Local Civil Rule 83.1.  **FAILURE TO RESPOND WITHIN 10 DAYS WILL RESULT IN THE COURT PROCEEDING WITH PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT.**

The Clerk of Court is directed to send a copy of this Order by certified mail, return receipt requested to Peter Schaffer at 400 S Steele St., Suite 47, Denver, CO 80209.

Signed: July 25, 2017

Robert J. Conrad, Jr.
United States District Judge

---

[1] "It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." In re Under Seal, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (quoting Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993)).