# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:16-cv-00690-RJC-DSC

| | |
|---|---|
| POINTSTREAK, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| COLORADO AMATEUR HOCKEY ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Default Judgment and memorandum in support, (Doc. Nos. 7 and 7-1), seeking a default judgment confirming an arbitration award. Defendant never properly responded to Plaintiff's motion and the time for doing so has passed. The motion is ripe for adjudication.

## I. BACKGROUND

a. <u>Procedural Background</u>

Plaintiff began this matter by filing a Motion to Confirm Arbitration Award on September 27, 2016. (Doc. No. 1). Excluding a consent motion for extension of time to answer filed by Plaintiff, (Doc. No. 4), the Court has not heard from nor received any filings from Defendant. Thus, upon Plaintiff's Motion for Entry of Default and for Default Judgment filed on December 5, 2016, the Court entered default as to Defendant. (Doc. Nos. 7, 8). Then, on April 3, 2017, before a Default Judgment was ordered, the Court received an apparent pro se filing—Defendant's Pro Se Response in Opposition to Plaintiff's Motion for Entry of Default and Default Judgment— filed by Peter Schaffer, who represented himself as out-of-state corporate counsel for Defendant.

(Doc. No. 9). Plaintiff moved for that filing to be stricken from the record on the basis that corporate entities cannot appear before a court pro se, but rather must have proper counsel enter an appearance on the corporation's behalf. See (Doc. No. 10). On July 26, 2017, this Court granted Plaintiff's Motion to Strike and further ordered that Defendant had ten days to respond properly—through counsel admitted to practice in the Western District of North Carolina. (Doc. No. 12 at 2). The Court warned Defendant that "[f]ailure to respond with 10 days will result in the Court proceeding with Plaintiff's motion for default judgment." (Id.). The Court sent the order to Mr. Schaffer since he had made filings, albeit improperly, on behalf of Defendant. (Id.). The United States Postal Service website indicates that the order was delivered to Mr. Schaffer's address and left with an individual on July 31, 2017. More than 10 days have passed since that order and the Court has received nothing from Defendant or Mr. Schaffer. Defendant remains in default and the Court will proceed with Plaintiff's Motion for Default Judgment.

  b. Factual Background

This suit stems from an arbitration proceeding held between Plaintiff and Defendant in Charlotte, NC on May 5–6, 2015 before The Honorable Chase B. Saunders (ret.) (the "Arbitrator"). (Doc. No. 1-1 at ¶13). The Parties arbitrated pursuant to a 2012 Software License and Service Agreement (Doc. No. 1-2 at 6–15) (the "2012 Agreement") based upon Plaintiff's allegations that Defendant had breached the 2012 Agreement, tortiously interfered with Plaintiff's current and future contracts and business, and failed to share advertising revenues. (Doc. No. 1-1 at ¶10; Doc. No. 1-2 at 21). During the arbitration proceedings, Defendant counterclaimed that Plaintiff breached the 2012 Agreement, overbilled Defendant, tortiously interfered with the operation of a raffle, and failed to provide certain advertising revenues. (Doc. No. 1-2 at 21). Ultimately, the Arbitrator issued an Interim Award wherein he found Defendant liable for breach of contract—but

not the tortious interference or advertising revenue claims—and Plaintiff liable for overbilling Defendant, (Doc. No. 1-2 at 20–26). (Doc. No. 1-1 at ¶15). After offsetting the damages, the Arbitrator awarded Plaintiff $163,055.00. (Id. at ¶18). In the Final Arbitration Award, (Doc. No. 1-2 at 28–32), the Arbitrator, in addition to the $163,055.00 interim award, ordered Defendant to pay $6,043.60 for attorney-related costs and expenses, $97,258.75 for attorneys' fees, and $750 for Defendant's portion of administrative fees and expenses. (Doc. No. 1-1 at ¶21). Under the Final Arbitration Award, Defendant owes Plaintiff a total of $267,107.35. (Id. at ¶22). Defendant has yet to pay any of the sums owed to Plaintiff under the Final Arbitration Award. (Id. at ¶23).

## II. STANDARD OF REVIEW

   a. <u>Default Judgment Standard</u>

The entry of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure which provides in relevant part that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).

Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint. <u>Ryan v. Homecomings Fin. Network</u>, 253 F.3d 778, 780 (4th Cir. 2001); <u>Weft, Inc. v. GC Inv. Assocs.</u>, 630 F. Supp. 1138, 1141 (E.D.N.C. 1986) (citations omitted); <u>see also</u> FED. R. CIV. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Nevertheless, the defendant is not deemed to have admitted conclusions of law and the entry of "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." <u>Ryan</u>, 253 F.3d at 780 (citations omitted); <u>see also</u> <u>E.E.O.C. v. Carter Behavior Health Servs., Inc.</u>, No. 4:09-cv-122-F, 2011 WL 5325485, at *3 (E.D.N.C. Oct. 7,

2011). Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought. See Ryan, 253 F.3d at 780 (citing Weft, 630 F. Supp. at 1141); DIRECTV, Inc. v. Pernites, 200 F. App'x 257, 258 (4th Cir. 2006) ("'[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law'") (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)); Arista Records, LLC v. Gaines, 635 F. Supp. 2d 414, 416 (E.D.N.C. 2009); 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default ... and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

To that end, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Entry of default judgment is left to the sound discretion of the trial court. Duke Energy Carolinas, LLC v. BlackRock Coal, LLC, No. 3:11-cv-616-RJC-DSC, 2012 WL 1067695 (W.D.N.C. Mar. 29, 2012) (granting default judgment in plaintiffs favor after finding that service of the complaint and summons on defendant was sufficient yet defendant failed to defend); CF Cloninger Trucking IL Inc. v. SourceOne Group, Inc., No. 3:08-cv-00320-FDW, 2009 WL 35191 (W.D.N.C. Jan. 5, 2009) (granting default judgment when defendant failed to defend complaint). Accord Lawbaugh, 359 F. Supp. 2d at 421 (granting default judgment for permanent injunction, disgorgement and a civil monetary penalty where defendant failed to answer complaint alleging

securities fraud and misappropriation). Although the clear policy of the Rules is to encourage dispositions of claims on their merits, see Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir.1974), trial judges are vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom." United States v. Moradi, 673 F.2d 725, 727 (4th Cir.1982).

If the court finds that liability is established, it must then determine damages. Carter Behavior Health, 2011 WL 5325485, at *4 (citing Ryan, 253 F.3d at 780–81; Gaines, 635 F. Supp. 2d at 416–17). The court must make an independent determination regarding damages, and cannot accept as true factual allegations of damages. Id. (citing Lawbaugh, 359 F. Supp. 2d at 422). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so, but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. See EEOC v. CDG Mgmt., LLC, No. RDB-08-2562, 2010 WL 4904440, at *2 (D. Md. Nov. 24, 2010) (citations omitted); EEOC v. North Am. Land Corp., No. 1:08-cv-501, 2010 WL 2723727, at *2 (W.D.N.C. Jul. 8, 2010).

    b. Confirmation of Arbitration Award Standard

Section 9 of the Federal Arbitration Act ("FAA") provides that "any party to the arbitration may apply to the court … for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected" pursuant to Section 10 or 11 of the FAA. 9 U.S.C.A. § 9. "[J]udicial review of arbitration awards is extremely limited—in fact, it is 'among the narrowest known to the law.'" U.S. Postal Serv. v. Am. Postal Workers Union, 204 F.3d 523, 527 (4th Cir. 2000) (quoting Union Pac. R.R. Co. v. Sheehan, 439 U.S. 89, 91 (1978)). An arbitration award may be vacated only when an arbitrator "strays from interpretation and application of the agreement and effectively, 'dispense[s] his own brand of industrial justice'

…" Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001) (internal citations omitted).

### III. DISCUSSION

Defendant has yet to respond properly respond to Plaintiff's Motion for Confirmation of Arbitration Award or Plaintiff's Motion for Default Judgment and the time for doing so has long passed in both instances. Accordingly, the Court accepts all of Plaintiff's well-pleaded allegations—including those discussed in the Factual Background section above—as true and admitted by Defendant. Specifically, the Court finds that the Parties arbitrated their claims in Charlotte, NC and the Arbitrator issued a Final Arbitration Award in favor of Plaintiff in the amount of $267,107.35. The underlying contract did not specify in which jurisdiction the Parties should seek confirmation of the Final Arbitration Award, and therefore Plaintiff's Motion for Confirmation in this district, the same in which the arbitration was conducted, is proper under Section 9 of the FAA. Additionally, Plaintiff's Motion for Confirmation meets all the procedural requirements imposed by the FAA. See 9 U.S.C. §§ 9, 13. After closely examining the Final Arbitration Award, the Court sees no reason to disturb the Arbitrator's award, particularly under the incredibly deferential standard of review.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Default Judgment, (Doc. No. 7), is **GRANTED**;

2. Plaintiff's Motion for Confirmation of Arbitration Award, (Doc. No. 1), is **GRANTED**;

3. The Court **CONFIRMS the Final Arbitration Award** of The Honorable Chase B. Saunders (ret.) in this matter and hereby **ENTERS JUDGMENT** in favor of Plaintiff

in accordance with the Final Award of Arbitrator, (Doc. No. 1-2 at 28–32). Specifically, Defendant Colorado Amateur Hockey Association is liable to Plaintiff Pointstreak, Inc. for **$267,107.35**, which represents the following itemized sums: (i) $163,055.00 in total damages owed to Plainitff for Defendant's breach of contract, less the credit due to Defendant for Plaintiff's overbilling; (ii) $6,043.60 for attorney related costs and expenses; (iii) $97,258.75 for attorneys' fees; and (iv) $750.00 for the excess portion of the shared arbitration fees that Plaintiff paid; and

4. The Clerk of Court is directed to close this case.

Signed: September 8, 2017

Robert J. Conrad, Jr.
United States District Judge